United States District Court
Southern District of Texas
**ENTERED**
July 29, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANE AND SHANNON RICHARDSON, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | Case No. H-21-cv-161 |
| LIBERTY INSURANCE CO. | § § | |
| Defendant. | § § | |

**MEMORANDUM AND OPINION ON ENTRY OF FINAL JUDGMENT**

This property insurance dispute went to trial before a 12-person jury in 2021. Shane and Shannon Richardson sued under their homeowner's property insurance policy issued by Liberty Insurance Corporation. The Richardsons claimed that a wind and hailstorm damaged their roof and part of the interior of their home, and demanded policy benefits to replace the roof and make other repairs. Liberty inspected and ultimately denied payment because the covered damage was below the deductible. The Richardsons sued, alleging that Liberty failed to comply with the insurance policy, failed to comply with the duty of good faith and fair dealing, and made misrepresentations about the extent of the covered damage. (Docket Entry No. 1).

The jury found that Liberty did not breach the insurance policy or fail to comply with its duty of good faith and fair dealing in its handling of the claim. (Docket Entry No. 55 at 2–4). The jury awarded no damages for breach of contract or breach of the duty of good faith and fair dealing. The jury did find that Liberty engaged in "false, misleading and deceptive acts or practices in the business of insurance in this case" and "misrepresent[ed] to the Richardsons the scope or cause of the damage from wind or hail," in violation of the Texas Insurance Code, § 541 *et seq*. (*Id.* at 5). The jury awarded no actual damages, but, based on its finding that Liberty's violation of the

Insurance Code was "knowing," the jury awarded the Richardsons $7,082.54 in "additional" damages. (*Id.* at 6-8).

Based on the verdict, Liberty moved for entry of a take-nothing verdict. (Docket Entry No. 56 at 4-5). Liberty argues that the jury's answer to Question No. 5, finding no breach of contract, bars the Richardsons' extra-contractual claim for costs and fees. (Docket Entry No. 56 at 2). The Richardsons moved for entry of judgment awarding them the $7,082.54 in damages, pre- and post-judgment interest, treble costs of court, and attorney's fees. (Docket Entry Nos. 61, 61-1).

Liberty argues that the recovery the Richardsons seek under the Texas Insurance Code is barred as a matter of law because the jury found no breach of contract. (Docket Entry No. 56 at 2). The Richardsons argue that they are due the "additional" damages because Liberty did not object to the jury charge before the verdict. (Docket Entry No. 62 at 5).

Under Texas law, "an insured cannot recover *any* damages based on an insurer's statutory violation unless the insured establishes a right to receive benefits under the policy or an injury independent of a right to benefits.'" *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 500 (Tex. 2018) (emphasis in original). An Insurance Code violation alone is not an "independent injury"; a finding of liability under the insurance policy is a prerequisite to recovery on Insurance Code claims. *In re State Farm Mut. Auto. Ins. Co.*, No. 19-0791, 2021 WL 1045651, at *1 (Tex. Mar. 19, 2021); *see also USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 490 (Tex. 2018) (same). Because the jury found that Liberty did not breach the policy, and because there is no showing of an injury independent of a right to receive policy benefits, the Richardsons may not recover, as a matter of law.

Under Texas law, an award of attorney's fees is also "premised on an award of underlying 'actual damages.'" *Ortiz v. State Farm Lloyds*, 589 S.W.3d 127, 134 (Tex. 2019) (quoting Tex.

INS. CODE §541.152(b)).  The jury awarded no actual damages.  The Richardsons are not entitled to an award of attorney's fees.

The Richardsons' argument that they are entitled to the "additional" damages the verdict included because Liberty failed to object to the jury instructions and questions is misplaced.  The Richardsons cite Texas cases based on the Texas procedural rule that requires lawyers to object to jury instruction errors before instructions are formally submitted to a jury.  (Docket Entry No. 62 at 7 (citing *Cruz v. Andrews Restoration, Inc.*, 364 S.W.3d 817, 829-30 (Tex. 2012)); *see also* TEX. R. CIV. P. 272.  But the Texas procedural rules do not apply in this federal court.  *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938).  The issue is whether the Richardsons are entitled to "additional" damages for Insurance Code violations, with no finding of liability or actual damages for either contractual or extra-contractual claims.

The Richardson's motion for entry of final judgment, (Docket Entry No. 61), is denied. Liberty Insurance Corporation's motion for entry of final judgment, (Docket Entry No. 56), is granted.  Final judgment is separately entered.

SIGNED on July 26, 2021, at Houston, Texas.

_____
Lee H. Rosenthal
Chief United States District Judge