United States District Court
Southern District of Texas
**ENTERED**
November 01, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHANE AND SHANNON RICHARDSON, | § § | |
| Plaintiffs, | § § | |
| VS. | § § | CIVIL ACTION NO. H-21-cv-00161 |
| LIBERTY INSURANCE CO. | § § § | |
| Defendant. | § § | |

**MEMORANDUM AND OPINION**

Shane and Shannon Richardson sued under their homeowner's property insurance policy issued by Liberty Insurance Corporation. The Richardsons claimed that a wind and hailstorm damaged their roof and part of the interior of their home. They demanded policy benefits to replace the roof and make other repairs. Liberty inspected and, after some inconsistent responses, ultimately denied payment because the covered damage was below the deductible. The Richardsons sued, alleging that Liberty failed to comply with the insurance policy, failed to comply with the duty of good faith and fair dealing, and misrepresented the extent of the covered damage. (Docket Entry No. 1).

A jury found that Liberty did not breach the insurance policy or fail to comply with its duty of good faith and fair dealing in its handling of the claim. (Docket Entry No. 55 at 2–4). The jury awarded no damages for breach of contract or breach of the duty of good faith and fair dealing. The jury did find that Liberty engaged in "false, misleading and deceptive acts or practices in the business of insurance in this case" and "misrepresent[ed] to the Richardsons the scope or cause of the damage from wind or hail," in violation of the Texas Insurance Code, § 541.001 *et seq*. (*Id.* at 5). The jury awarded no actual damages for any claim, but, based on finding that Liberty's

violation of the Insurance Code was "knowing," the jury awarded the Richardsons $7,082.54 in "additional" damages. (*Id.* at 6–8).

Based on the verdict, the court granted Liberty's motion for a take-nothing verdict because the jury found that there was no breach of contract, no breach of the duty of good faith and fair dealing, and no actual damages, which barred recovery of additional damages, pre- and post-judgment interest, costs of court, and attorney's fees under Texas insurance law. (Docket Entry No. 65). The court entered final judgment in favor of Liberty. (Docket Entry No. 66).

The Richardsons move for a new trial. (Docket Entry No. 67). The Richardsons first argue that the court committed a manifest error of law by instructing the jury and holding that the Richardsons were required to prove breach of contract and actual damages to recover any additional damages. The Richardsons also argue a manifest error of fact in submitting the question that asked the jury to determine the "[t]he reasonable and necessary costs to repair damages solely caused by wind and hail, less depreciation," "for any damages resulting from Liberty Insurance Corporation's breach of the policy." (*See* Docket Entry No. 55 at 6). The Richardsons contend that the jury was confused by the request to specify the amount of depreciation in addition to the cost of repairs, as evidenced by the first note sent from the jury asking the court:

> Does the judge have the authority/ability to change the damage amount, if any, awarded by the jury?

(Docket Entry No. 50).[1]

---

[1] The court answered the jury note as follows:

> As stated in the jury instructions, your task is to base your answers to the jury questions on the facts as you find them, considering all of the evidence and my instructions on the law, to reach a just verdict, regardless of the consequences. You may not consider post-verdict matters other than those raised in the evidence or covered in the jury instructions.

(Docket Entry No. 51).

2

Liberty responds that the court correctly instructed the jury on Texas insurance law and that no manifest error of fact is present that can be the basis for a new trial. (Docket Entry No. 68). Liberty argues that the Richardsons have not plausibly shown how a question about the amount of damage caused by wind or hail, less depreciation, confused the jury in considering the questions asking whether Liberty breached the policy and whether the Richardsons suffered actual damages as a result.

Rule 59(a)(1)(A) of the Federal Rules of Civil Procedure provides that the court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." "A new trial may be granted, for example, if the district court finds the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." *Beckham v. La. Dock Co., L.L.C.*, 124 Fed. Appx. 268, 270 (5th Cir. 2005) (citing *Smith v. Transworld Drilling Co.,* 773 F.2d 610, 612 (5th Cir. 1985)). A motion for a new trial should be granted when "the verdict is against the great weight of the evidence, not merely against the preponderance of the evidence." *Dresser–Rand Co. v. Virtual Automation Inc.*, 361 F.3d 831, 838–39 (5th Cir. 2004).

Under Texas law, "[a]n insured cannot recover *any* damages based on an insurer's statutory violation unless the insured establishes a right to receive benefits under the policy or an injury independent of a right to benefits.'" *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 500 (Tex. 2018) (emphasis in original) (citations omitted). A finding of liability under the insurance policy is a prerequisite to recovery on breach of contract claims. *In re State Farm Mut. Auto. Ins. Co.*, ___ S.W.3d ___, 2021 WL 1045651, at *1 (Tex. 2021). Otherwise, extracontractual claims for damages cannot succeed unless the insured shows damages independent of the alleged policy breach and the failure to pay the claim timely. "To establish 'injury independent of the policy

claim,'" the plaintiffs "must show their 'damages are truly independent of their right to receive policy benefits.'" *Id.* at *4 (quoting *Menchaca*, 545 S.W.3d at 500).

The Richardsons presented insufficient evidence of an independent injury separate from the alleged breach of contract and claim to benefits. While Liberty's actions were hardly a model of clear, prompt responses to an insured's claim, the evidence supported the jury's finding that Liberty had not breached the insurance contract or the duty of good faith and fair dealing, and that the Richardsons had suffered no actual damages from any such breach. The Richardsons have not set forth a sufficient basis to find that when the court asked the jury to determine depreciation in addition to actual damages, the jury was confused about whether Liberty breached the insurance policy and whether the Richardsons suffered actual damages from such a breach.

There is no prejudicial error of law or fact, and the Richardsons have not otherwise shown that the verdict was against the weight of the evidence or that the trial was unfair. *See Smith*, 773 F.2d at 612–13 ("Rule 59 of the Federal Rules of Civil Procedure confirms the trial court's historic power to grant a new trial based on its appraisal of the fairness of the trial and the reliability of the jury's verdict."). A new trial is not warranted.

The Richardsons' motion for a new trial, (Docket Entry No. 67), is denied.

SIGNED on November 1, 2021, at Houston, Texas.

                                                            _____
                                                              Lee H. Rosenthal
                                            Chief United States District Judge